IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01972-PAB-CBS

ANETT HARP,
     Plaintiff,
v.

DEPARTMENT OF HUMAN SERVICES, COLORADO
MENTAL HEALTH INSTITUTE AT PUEBLO,
     Defendant.

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on "Defendant's Partial Motion to Dismiss Plaintiff's Title VII Complaint [(doc. #1)] and Plaintiff's Supplement/Amendment to Complaint [Dkt. #11] to the Extent Plaintiff Asserts Discrimination Based on a Disability" (filed December 19, 2011) (doc. #20).  Pursuant to the August 11, 2011 Order of Reference (doc. #7) this matter was referred to the Magistrate Judge.  The Plaintiff filed her Response on January 18, 2012 (doc. #24).  The court has reviewed the Motion, the Response, the pleadings, the entire case file, and the applicable law.

I.      Statement of the Case

Plaintiff Anett Harp ("Ms. Harp") brings a Complaint pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e-5).  *See* Complaint (doc. #1) at p. 1 of 54.  Ms. Harp alleges that between 2003 and 2007 she suffered employment discrimination based on her race and sex.  *See id.* at p. 2.  She also appears to allege that she was subject to discrimination based

on a disability, i.e., her allergy to dogs. *See id.*; s*ee also* (doc. #11) (docketed by the Clerk of the Court as "Supplement/Amendment to Complaint").

During the relevant time period, Ms. Harp worked for the Colorado Mental Health Institute at Pueblo (CMHIP). *See* Complaint (doc. #1) at p. 4. According to Ms. Harp, in the course her interview with CMHIP in 2003 she disclosed her allergy of dogs. Complaint (doc. #1) at p. 4. Yet between December 2006 and July 2008, a drug dog was allegedly brought into Ms. Harp's work area, despite her persistent requests that the dog not be brought into her work area due to her allergy. Complaint (doc. #1-1) at p. 21 of 53. Ms. Harp alleges that she suffered adverse reactions to the presence of the dog and missed work. *Id.* She claims that from about December 2006 through about September 25, 2008, she complained about job discrimination, but her complaints went unresolved. *Id.* at p. 20. Ms. Harp was discharged from her Clinical Safety Security Officer (CSSO) II job on September 30, 2008. *Id.* She was informed that her discharge was due to alleged patient abuse. *Id.* Ms. Harp believes that she was fully qualified for her CSSO job and was performing satisfactorily. *Id.*

II.     Standard of Review

Defendant has moved to partially dismiss Ms. Harp's Complaint for failure to state a claim upon which relief can be granted to the extent she asserts discrimination based on a disability. Fed. R. Civ. P. 12(b)(6). However, before the court can address whether Ms. Harp's Complaint states a claim it must find that it has subject matter jurisdiction. *See Madsen v. U.S. ex. rel. U.S. Army Corps. of Engineers*, 841 F.2d 1011, 1012 (10th Cir. 1987) (The determination of subject matter jurisdiction is a threshold question of law). Fed. R. Civ. P. 12(b)(1) permits the dismissal of a complaint for lack of subject matter jurisdiction. "[T]he party invoking federal

jurisdiction bears the burden of proof." *Marcus v. Kansas Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

III.    Analysis

The Defendants first argue that Ms. Harp incorrectly brings her disability discrimination claim under Title VII, which does not address such discrimination. *See Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007); *see also Rawlins v. New Jersey Transit*, No. 10-4793, 2011 WL 2410973, at *1 (3rd Cir. June 16, 2011) (unpub'd).[1]  Although the Defendants are correct, because Ms. Harp appears *pro se*, the court reviews her "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  Ms. Harp's disability discrimination claim is more properly asserted under the Americans with Disabilities Act (ADA).  42 U.S.C. § 12101 (1990).  "A plaintiff should not be prevented from pursuing a claim simply because of a failure to set forth in the complaint a theory on which plaintiff could recover, provided that a late shift in the theory of the case will not prejudice the other party in maintaining its defense." *Green Country Food Market, Inc. v. Bottling Group, LLC*, 371 F.3d 1275, 1279 (10th Cir. 2004).  As the Complaint put Defendants on notice that Ms. Harp is claiming disability discrimination, it is not fatally flawed merely because it cites an incorrect statute.  Therefore, the court will treat Ms. Harp's disability claim as if it had been brought under the ADA, 42 U.S.C. § 12101, and the Colorado Anti-Discrimination Act, §24-34-402, C.R.S. (2011).

---

[1]     Copies of unpublished cases cited are attached to this Recommendation.

The Defendants next argue that Ms. Harp's disability discrimination claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) because the CMHIP has sovereign immunity from Ms. Harp's ADA claims. The Eleventh Amendment to the United States Constitution provides immunity for states and arms of the state from suit in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). The Eleventh Amendment also prohibits suits against the state in federal court under the Colorado Anti-Discrimination Act, §24-34-402, C.R.S. *Robinson v. Bd. of Regents of the Univ. of Colo.*, 390 F. Supp. 2d 1011, 1016-17 (D. Colo. 2005). The United States Supreme Court has held that the Eleventh Amendment bars suits against states for money damages under the ADA, but private individuals may still bring actions against states for injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908). *Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 369-74 n.9 (2001). Under the *Ex parte Young* doctrine, when an official of a state agency is sued "for prospective equitable relief, he is generally not regarded as 'the state' for purposes of the Eleventh Amendment and the case may proceed in federal court." *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1188 (10th Cir. 1998), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir.2007). *See also Melrose v. N.Y. State Dep't of Health Office of Prof'l Med. Conduct*, No. 05 Civ. 8778 (SCR) (LMS), 2009 WL 211029, at *5 (S.D.N.Y. Jan. 26, 2009) (under the theory of *Ex parte Young* an action for prospective relief against the state officer is not an action against the state because the allegation of a violation of federal law strips the officer of his official authority). The *Ex parte Young* doctrine applies only when a "lawsuit involves an action against state officials, not against the state." *Id.* at 1187. Any form of relief against a state agency, even solely prospective injunctive relief, is barred. *Romero v. City and*

*County of Denver Dep't of Soc. Servs.*, 57 F. App'x. 835, 838 (10th Cir. 2003) (unpub'd); *Lynn v. Colo. Dep't of Insts., Div. of Youth Servs.*, 15 F. App'x. 636, 637 (10th Cir. 2001) (unpub'd).

Here Ms. Harp seeks to recover money damages and injunctive relief from the Department of Human Services arising out of her employment with the CMHIP for alleged violations of the ADA. *See* Supp. to Complaint (doc. #11) at p. 1 of 70. CMHIP is considered an arm of the state and is therefore provided immunity by the Eleventh Amendment. *See Jenkins v. Colorado Mental Health Institute at Pueblo, Colorado*, 215 F.3d 1337 (10th Cir. 2000) (unpub'd). Ms. Harp has sued only the state agency with whom she was employed. She did not name any individual state officials in any capacity as defendants. Accordingly she cannot assert the *Ex parte Young* doctrine to defeat CMHIP's Eleventh Amendment immunity, even assuming that the injunctive relief she seeks would otherwise be available. In this circuit, a defendant's Eleventh Amendment immunity deprives the district court of jurisdiction. *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1231 (10th Cir.1999) ("The Eleventh Amendment declares a policy and sets forth an explicit limitation on federal jurisdictional power . . . ." (internal quotation marks and citation omitted). Therefore, this court lacks subject matter jurisdiction over Ms. Harp's disability discrimination claims under Rule 12(b)(1) and that claim is properly dismissed.

Accordingly, IT IS RECOMMENDED that "Defendant's Partial Motion to Dismiss Plaintiff's Title VII Complaint" (filed December 19, 2011) (doc. #30) be GRANTED. To the extent that the Complaint purports a claim for discrimination based on Ms. Harp's alleged disability, that claim is properly dismissed without prejudice for lack of subject matter jurisdiction.[2]

---

[2]     "Generally, a dismissal for lack of subject matter jurisdiction is without prejudice and does not have a preclusive effect." *Garman v. Campbell County Sch. Dist. No. 1*, 630 F.3d

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999). (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate

---

977, 985 (10th Cir. 2010). *See also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").

Judge's ruling).  *But see, Morals-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm

waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 9th day of March, 2012.

BY THE COURT:


  s/Craig B. Shaffer
United States Magistrate Judge